**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vafa Ghaemmaghami,<br><br>  Plaintiff,<br><br>v.<br><br>Dignity Health,<br><br>  Defendant. | No. CV-24-00052-PHX-KML<br><br>**ORDER** |

The parties ask the court to resolve three discovery disputes in this case between plaintiff Vafa Ghaemmaghami and defendant Dignity Health ("Dignity") regarding Dignity's provision of paid time off for physicians. First, in response to Ghaemmaghami's NUI 3, which requests in part that Dignity identify all physicians it employed during the relevant period, Dignity objects to identifying physicians who are not part of the Dignity affiliate Dignity Health Medical Group ("DHMG"). (Doc. 81 at 4.) This limited definition affects additional RFPs which request documents related to all physicians. (Doc. 81 at 3.) Second, the parties contest whether a court-imposed deadline for Dignity's response to Ghaemmaghami's RFPs 8-10 is appropriate. (Doc. 81 at 3.) Third, Ghaemmaghami's counsel objects to revealing whether they still represent 34 physicians on whose behalf counsel sent a demand letter to Dignity prior to litigation. (Doc. 81 at 3-4.)

Ghaemmaghami worked under a contract which entitled him to participate in employee benefit plans, allegedly including the paid time away ("PTA") policy. (Doc. 45 at 9-10.) That contract stated he would be compensated according to the Physician

1  Compensation Plan, of which there were three during the relevant time (versions from
2  2016, 2019, and 2023), and some of which addressed PTA. (Doc. 45 at 3-4.) Because these
3  Compensation Plans apply specifically to physician employees of DHMG of Arizona (*see*
4  Doc. 45-1 at 31), Dignity agrees only to identify DHMG physicians rather than all Dignity
5  physicians. (Doc. 81 at 4.) But the allegation that Dignity failed to provide proper PTA
6  relies on more than just the Compensation Plans: Ghaemmaghami argues the contract itself
7  entitled him to state-wide Dignity PTA plans, the failure to provide any PTA violates
8  statutes regardless of the particular plan, and non-DHMG physicians were subject to
9  substantially the same terms as those in these Compensation Plans. (Doc. 81 at 2-3.) This
10 conclusion is supported by the complaint, which describes as relevant "[a]ll Physicians
11 who are or were employed by Dignity" and who signed contracts "like the one Dr.
12 Ghaemmaghami signed." (*See* Doc. 45 at 20, 23.) These allegations dictate that the court
13 should not limit a potential class at this stage, before it has even been proposed. Dignity
14 must provide responses for all Dignity physicians in the relevant time period.

15 The parties also disagree whether a deadline should be set for Dignity's production
16 in response to RFPs 8-10. This appears to be a large production Dignity is currently
17 preparing after the parties agreed on search terms on November 11, 2025. (Doc. 81 at 3.)
18 A deadline is a reasonable request. But the parties are in the best position to identify the
19 appropriate deadline based on their knowledge of the search terms, volume of responsive
20 documents, and likely time necessary to review the production before other deadlines arise.
21 The parties must confer and file a joint proposed deadline for the production to be complete.
22 If the parties cannot agree, they may submit separate deadlines in a supplemental joint
23 discovery dispute pleading.

24 Finally, before this lawsuit was filed, Ghaemmaghami's "counsel sent a demand
25 letter to Dignity on behalf of 34 physicians" which alleged similar claims. (Doc. 81 at 3.)
26 Dignity's counsel has asked Ghaemmaghami's counsel to identify which of the 34
27 physicians it currently represents so Dignity may conduct interviews or depositions,
28 presumably to avoid violating ethical rules prohibiting counsel from communicating with

represented persons. (Doc. 81 at 5.) *See* Ariz. R. of Pro. Conduct ER 4.2. Ghaemmaghami's counsel has refused, citing other ethical rules prohibiting counsel from revealing information related to client representation (Doc. 81 at 3). *See* Ariz. R. of Pro. Conduct ER 1.6. But Ghaemmaghami's counsel has previously voluntarily revealed its representation of these 34 individuals. (Doc. 81 at 4.) This disclosure constitutes a waiver of the attorney-client privilege, *State v. Sucharew*, 66 P.3d 59, 65 (Ariz. Ct. App. 2003), which undergirds Rule 1.6. *See* Ariz. R. of Pro. Conduct ER 1.6, 2003 comment ("The principle of client-lawyer confidentiality is given effect by related bodies of law [including] the attorney-client privilege"); *cf. Naranjo v. Sukenic in & for Cnty. of Maricopa*, 524 P.3d 1123, 1131 (Ariz. 2023) (holding both attorney-client privilege and Rule 1.6 waived together). Ghaemmaghami's counsel must therefore identify those individuals they continue to represent.

**IT IS ORDERED** Dignity must provide the contact information for all physicians for the requested time period.

**IT IS FURTHER ORDERED** no later than **December 24, 2025**, the parties shall file a joint statement identifying the agreed deadline for the completion of the production in response to RFPs 8-10, or the deadline proposed by each side.

**IT IS FURTHER ORDERED** no later than **December 24, 2025**, Ghaemmaghami's counsel shall identify which of the 34 physicians on whose behalf it previously sent a demand letter it still represents.

Dated this 19th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge