**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vafa Ghaemmaghami,<br><br>              Plaintiff,<br><br>v.<br><br>Dignity Health,<br><br>              Defendant. | No. CV-24-00052-PHX-KML<br><br>**ORDER** |

The parties ask the court to resolve another discovery dispute in this case between plaintiff Vafa Ghaemmaghami and defendant Dignity Health ("Dignity") regarding Dignity's provision of paid time off for physicians. The parties contest whether Dignity must provide discovery responses for physicians whose contracts do not specifically designate "Dignity Health" as the employer. (Doc. 91 at 2.)

In December 2025, this court ordered Dignity to provide discovery responses for "all Dignity physicians" rather than limiting responses to physicians employed by Dignity Health Medical Group of Arizona. (Doc. 82 at 2.) Dignity now effectively argues its responses should be limited to physicians whose contracts name "Dignity Health" as the employer. (Doc. 91 at 2, 4.) Ghaemmaghami argues this response is too limited because Dignity Health may qualify as a physician's employer even if it is not designated as the employer on a contract. (Doc. 91 at 2-3 (citing A.R.S. § 23-371, which defines "employer" as an "entity acting directly or indirectly in the interest of an employer in relation to an employee").) For instance, Ghaemmaghami suggests physicians' contractually-designated

employer may be a separate (but presumably Dignity-related) entity, with Dignity still processing the physicians' payroll, operating and governing the relevant facilities, providing benefit plans, and applying Dignity leave policies. (Doc. 91 at 3.)

Ghaemmaghami has only named "Dignity Health" in the complaint; he cannot now request that Dignity produce information solely in the possession, custody, or control of a separate entity. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("Control is defined as the legal right to obtain documents upon demand.") (simplified). But there may be physicians who are contractually "employed" by entities which are sufficiently related to Dignity that Dignity maintains actual possession, custody, or control over responsive documents. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls."). And it is possible that Dignity qualifies as an employer over these physicians under A.R.S. § 23-371, making that information relevant to Ghaemmaghami's claims. Accordingly, regardless of a physician's contractually-designated employer, Dignity must produce information in its possession, custody, and control where all of the following are true: Dignity leave policies apply to the physicians; Dignity processes the physicians' payroll; and Dignity governs or operates facilities in which the physicians work.

The parties are in the best position to identify the appropriate deadline based on their knowledge of the volume of responsive documents and likely time necessary to review the production before other deadlines arise. The parties must confer and file a joint proposed deadline for the production to be complete. If the parties cannot agree, they may submit separate deadlines in a supplemental joint discovery dispute pleading.

/

/

/

/

/

**IT IS ORDERED** no later than **January 26, 2026**, the parties shall file a joint statement identifying a proposed deadline for the production of all responsive documents as set forth above. If the parties cannot agree on a deadline, the joint statement must identify each party's proposed deadline.

Dated this 21st day of January, 2026.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**