**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vafa Ghaemmaghami, | No. CV-24-00052-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Dignity Health, | |
| Defendant. | |

The parties have another discovery dispute. As with their prior disputes, this latest one indicates both sides continue to adopt unreasonable positions. The present dispute involves plaintiff Vafa Ghaemmaghami's and defendant Dignity Health's ("Dignity") inability to agree on the permissible scope of Ghaemmaghami's Rule 30(b)(6) notice. According to Dignity, that notice proposes impermissible definitions and topics. (Doc. 99 at 2, 4.)

Ghaemmaghami served a Rule 30(b)(6) notice on December 24, 2025, scheduling a deposition on February 5, 2026. (Docs. 99 at 2; 99-4 at 4.) The parties met and conferred on January 12, 2026, after which Ghaemmaghami's counsel sent an email to Dignity's counsel summarizing the parties' agreement or continued disagreement for each proposed definition and topic. (Doc. 99-4 at 2-5). Though Dignity's counsel raised general disagreement with unnamed characterizations in the email, the parties agreed that Ghaemmaghami's counsel would send an amended notice which would include a new date for the deposition. (Doc. 99-4 at 2, 4.) Ghaemmaghami served an amended Rule 30(b)(6)

notice on February 10, 2026 with a new deposition date of March 17, 2026. (Doc 99-1.) Seventeen days later, on February 27, 2026, Dignity's counsel raised objections with each definition and topic and proposed its own draft for each topic. (Doc. 99-3.) Dignity also objected to the March 17 deposition date, arguing counsel is unavailable. (Doc. 99 at 3.) It is unclear whether Dignity proposed alternative dates.

Ghaemmaghami's 30(b)(6) notice is by and large reasonable. Dignity at points disagrees with appropriately narrow topics and objects to issues which have already been decided. For instance, Dignity strongly disagrees with the definition of "Dignity." (Doc. 99 at 2.) But on January 21, 2026, this court ruled Dignity must produce information in its possession, custody and control where "Dignity leave policies apply to the physicians; Dignity processes the physicians' payroll; and Dignity governs or operates facilities in which the physicians work." (Doc. 92 at 2.) Ghaemmaghami's proposed definition for Dignity corresponds with that order nearly exactly. (Doc. 99-1 at 3.) Additionally, many of Dignity's proposed edits appear to exclude information which is within the scope of the original, permissible topic. For instance, Dignity proposes replacing "[k]nowledge of Dignity organizational entity structure, including affiliates, holding, subsidiary, and sister entities" with "[t]he identities of Dignity Health entities that have contracted with employee physicians (MDs and DOs), other than resident physicians, to provide services in Arizona from 2021 to present." (Doc. 99-2 at 6.) This change does not require the deponent to know anything about Dignity organizational structures or hierarchies, only to be able to list Dignity entities which contracted with employee physicians. The two topics are not the same.

On the other hand, Ghaemmaghami's notice does include some impermissibly broad definitions and topics. The court previously ruled Compensation Plans prior to the 2023 Compensation Plan cannot form the basis of a claim. (Doc. 62 at 17-18.) Ghaemmaghami's inclusion of prior Compensation Plans in any definition or request is therefore overbroad. (*See* Doc. 99-1 at 3.) Similarly, Ghaemmaghami agreed to limit the definition of "Physician" to MDs and DOs (Doc. 99-4 at 3) but did not include that limitation in the

amended notice's proposed definition of "Physician" (Doc. 99-1 at 3). Additionally, Topic 1 does appear overbroad in its inclusion of all benefits at all locations, and it is not at all clear what Topic 18 requests. (Doc. 99-1 at 2, 5.)

It is the responsibility of counsel, not the court, to analyze each definition and topic and come to an agreement. The parties must confer again and, if unable to reach an agreement, they must file another joint statement with each side providing a proposal (i.e., definitions and scope) for each of the eighteen topics in dispute. The joint statement must contain only the proposals; the court understands the parties' arguments and spilling further ink explaining them is unnecessary. The court will then choose either Ghaemmaghami's or Dignity's proposal for each of the disputed topics. In other words, if Dignity's proposal is unreasonably limited, changes the topic, or ignores definitions in prior court orders, the court will choose Ghaemmaghami's. Conversely, if Ghaemmaghami's proposal is overbroad or confusing, the court will choose Dignity's. The court refuses to devote its resources to crafting some amalgam of the two to relieve counsel of their responsibilities to cooperate and act reasonably.

The deposition will occur on March 17, 2026, unless parties agree to a different date before March 17.

**IT IS ORDERED** no later than **March 9, 2026**, the parties shall file a joint statement with proposed definitions and topics. If the parties cannot agree on all definitions and topics, the joint statement must identify each party's proposals.

Dated this 6th day of March, 2026.

_Krissa M. Lanham_

**Honorable Krissa M. Lanham**
**United States District Judge**